IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**FILED**
JUL -2 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| TATTOO ART, INC., ) <br> A Virginia Stock Corporation, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> TAT INTERNATIONAL, LLC, ) <br> A Michigan Limited Liability Company, ) <br> ) <br> <u>Serve:</u> ) <br> Tat International, LLC ) <br> Kirk A. Knapp, Registered Agent ) <br> 9658 60th Street ) <br> Alto, Michigan 49302 ) <br> ) <br> and ) <br> ) <br> Kirk A. Knapp, Individually, ) <br> ) <br> <u>Serve:</u> ) <br> Kirk A. Knapp ) <br> 9658 60th Street ) <br> Alto, Michigan 49302 ) <br> ) <br> ) <br> Defendants. ) | Civil Action No. 2:10cv323 |

## COMPLAINT

The Plaintiff, by counsel, in support of its claim of copyright infringement, pursuant to 17 U.S.C.S. § 501 <u>et seq.</u>, state as follows:

### PARTIES

1. Tattoo Art, Inc. ("Tattoo Art") is a Virginia stock corporation with its principal place of business in Virginia Beach, Virginia.

2. Tat International, L.L.C., ("Tat") is a Michigan limited liability company with its principal place of business in Grand Rapids, Michigan.

3. Kirk A. Knapp is a principal in Tat, and upon information and belief, controlled all of the actions of Tat set forth herein and relevant to the matters alleged.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over a copyright infringement claim pursuant to 28 U.S.C. § 1338(a).

5. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the parties are citizens of different states, and the amount in dispute exceeds $75,000.

6. Venue is proper under 28 U.S.C. §1400(a) as the Defendants have committed acts of infringement and contributory and vicarious infringement via an Internet-based enterprise doing business within the Commonwealth of Virginia.

7. Venue is proper as Defendants advertise and purposefully sell the Infringements in Virginia.

8. Defendant Tat expressly agreed to personal jurisdiction and venue in this Court.

## BACKGROUND

9. The foregoing allegations are incorporated by reference.

10. Tattoo Art is in the business of creating, copyrighting, and exploiting tattoo flash designs.

11. Tattoo Art has copyrighted numerous sheets of tattoo flash design and holds the rights to additional flash designs copyrighted by its sole shareholder, Joseph M. Dufresne (all of the copyrighted designs will be referred to herein as the "Work"). These copyrighted works contain thousands of tattoo designs.

12. Tattoo Art sells the Work directly and/or through distributors for profit.

13. Tattoo Art also licenses and otherwise exploits the Work for profit.

14. On or about December 29, 2005, Tattoo Art and Tat entered into a License Agreement, attached hereto as **Exhibit A**, which identified sixteen sheets of artwork subject to the Agreement. Agreement, at ¶ 1.01.

15. Two representative samples of these sixteen sheets of the Work are attached as **Exhibit B1** and **Exhibit B2**. Three images from Book One of Tattoo Art's more than 20 official registered books of artwork have been highlighted as representative of the more than 640 registered images that are the subject of this action. See **Exhibit E**.

16. On May 14, 2009, Tattoo Art expressly terminated the License Agreement with Tat via letter for failure to pay royalties, failure to report royalties, and for unauthorized Infringements on Tattoo Art's copyrighted Work. The termination letter expressly directed Tat to cease and desist from any further reproduction and/or sales of the Work.

17. Subsequent to May 14, 2009, Mr. Knapp contacted counsel for Plaintiff and acknowledged receipt of the May 14, 2009 letter.

## COUNT ONE: BEACH OF LICENSE AGREEMENT (TAT)

18. The foregoing allegations are incorporated by reference.

19. Tattoo Art and Tat entered into a License Agreement granting Tat, as licensee, certain rights to distribute certain indicia of the Work.

20. Tattoo Art has not been paid royalties in accordance with the Agreement. Agreement, at ¶ 3.01 – 3.05.

21. The sale of Plaintiff's Work by the Defendant Tat without paying the required royalty payments was a breach of the Agreement.

22. Defendant Tat altered some of the work without contacting Plaintiff to seek permission to alter Plaintiff's copyrighted work as required by the Agreement. Agreement, at ¶ 4.02.

23. The alteration of Plaintiff's Work by the Defendant Tat without the authority of Plaintiff was a breach of the Agreement.

24. Upon information and belief, Defendant Tat has profited from revenues in breach of the Agreement from the sale of the illegal copyright infringement of Plaintiff's Work ("Illegal Profits").

25. Attached as **Exhibit C1** and **Exhibit C2** are copies of two pages of many Tat internet web pages depicting Defendant Tat's advertising of the same Infringements highlighted in Exhibits B1 and B2. (See Exhibits B1 and B2 for comparison and the removal of Tattoo Art's copyright symbol in the lower right corners.)

26. Attached hereto as **Exhibit D1** through **Exhibit D4** are copies of four of the many sheets of Infringements sold by Defendant Tat.

27. Defendant Tat has materially breached the License Agreement.

28. Tatoo Art terminated the License Agreement on May 14, 2009.

29. After May 14, 2009, Tat neither discontinued the unauthorized use of Infringements, nor have royalties been paid to Tattoo Art.

30. Tattoo Art has been economically and professionally damaged by Defendant Tat's breach of the License Agreement.

31. On June 18, 2010 the parties attempted unsuccessfully to achieve a mediated resolution.

32. All conditions precedent to Tattoo Art's right of action have been satisfied or waived.

WHEREFORE, Plaintiff prays for judgment against Defendant Tat in an amount to be determined consisting of an amount sufficient to either pay the Royalties due under the Agreement and/or recover Defendant Tat's Illegal Profits, and all damages sustained by the Plaintiff. Plaintiff also requests recovery of the costs of this action, together with Plaintiff's attorney's fees and permanent injunctive relief prohibiting further Infringements along with such other and further relief as this Court deems just and appropriate.

## COUNT TWO: COPYRIGHT INFRINGEMENT (TAT and KNAPP)

33. The foregoing allegations are incorporated by reference.

34. The Work is owned and validly copyrighted by Tattoo Art, which has obtained registered copyrights covering the Work.

35. The Tat art designs depicted in Exhibits C1 and C2 and Exhibits D1 through D4 are unauthorized copies of original Tattoo Art copyrighted Work, constituting direct infringement.

36. Attached hereto for comparison are Exhibits B1 and B2, which are representative printed copies of Plaintiff's corresponding authorized depictions of the same Work.

37. Defendant Tat was not authorized to reproduce Plaintiff's copyrighted work.

38. The copying of Plaintiff's Work by the Defendant Tat was illegal, and without the authority of Plaintiff.

37. Tattoo Art sent Tat a notice of Termination of the License Agreement on May 14, 2009.

38. Defendants acknowledged receipt of the notice of termination.

39. Despite actual knowledge of Plaintiff's copyrights on the Work, Defendants Tat and Knapp, on numerous occasions, both before and after the notice to cease and desist, made and caused to be made numerous copies of the Work, for profit, all in violation of Federal law.

40. The actions of Defendant Tat in making copies of Plaintiff's Work, without Plaintiff's knowledge or consent, constitutes Federal Copyright Infringement in violation of 17 U.S.C. § 501.

41. Defendants' actions in i) deliberately removing Plaintiff's notice of copyright and ii) continued infringements even after acknowledging receipt of Plaintiff's cease and desist letter evidences willful infringement.

39. Upon information and belief, Defendant Tat has profited from revenues from the sale of the illegal copyright infringement of Plaintiff's Work before and after Plaintiff delivered a termination letter to Defendant Tat terminating the Agreement for cause.

WHEREFORE, Plaintiff prays for judgment against Defendant Tat in an amount to be determined consisting of the greater of (1) statutory damages of $150,000 per infringement for at least twenty-four separate infringements as provided by law equal to no less than $3,600,000.00, or (2) an amount sufficient to recover (i) Defendant Tat's Illegal Profits, and (ii) all damages sustained by the Plaintiff. Plaintiff also requests recovery of the costs of this action, together with Plaintiff's attorney's fees and permanent injunctive relief prohibiting further Infringements along with such other and further relief as this Court deems just and appropriate.

TATTOO ART, INC.,
a Virginia stock corporation

_____
Of Counsel

Mark R. Baumgartner, Esquire
Virginia State Bar No. 45171
Attorney for Tattoo Art, Inc.
**PENDER & COWARD, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
Telephone: (757) 490-3000
Facsimile: (757) 497-1914
Email: mbaumgar@pendercoward.com